[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-13144
Non-Argument Calendar
_____

D. C. Docket No. 09-00238-CV-FTM-29-DNF,
Bkcy. No. 08-BK-11158-ALP

In Re:  SARAH E. BAKER,

Debtor.

_____

SARAH E. BAKER,
a.k.a. S. Elizabeth Baker,
a.k.a. Sarah Elizabeth Baker,

Plaintiff-Appellant,

versus

ROBERT E. TARDIF, JR.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 22, 2009)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Sarah Baker appeals the judgment that her Keogh plan is property of her bankruptcy estate. The district court affirmed the decision of the bankruptcy court that Baker's Keogh plan was not exempt under Florida law. Fla. Stat. § 222.21(2)(a)(1). We reverse and remand for further proceedings.

Baker is the sole participant in and beneficiary of a Keogh plan managed by Fidelity Investments. Fidelity obtained letter rulings from the Internal Revenue Service that the plan was "acceptable under section 401 of the Internal Revenue Code," 26 U.S.C. § 401. Baker does not contend that her Keogh plan is maintained in accordance with the Employee Retirement Income Security Act of 1974. 29 U.S.C. § 1001–1461.

Baker filed a petition for bankruptcy under Chapter 7, 11 U.S.C. § 701–784, and claimed as exempt her Keogh plan under section 222.21(2)(a)(1). After the bankruptcy court appointed Robert Tardif as trustee of the estate, Tardif objected to Baker's claim for the exemption. Baker responded that section 222.21(2)(a)(1) exempted from the bankruptcy estate profit-sharing plans that qualify under section 401(a) of the Internal Revenue Code, and Baker's Keogh plan qualified under section 401(a).

2

The bankruptcy court ruled that the Keogh plan was property of the estate. The court concluded that Baker could not claim the exemption under section 222.21(2)(a)(1) because she was the "sole shareholder and sole 'participant' in the Keogh plan." The court relied on Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon, 541 U.S. 1, 124 S. Ct. 1330 (2004), and its definition of a "participant" in a pension plan under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002(7). The district court affirmed.

On appeal from the judgment of a bankruptcy court, we "function[] 'as the second court of review.'" Schlein v. Mills, 8 F.3d 745, 747 (11th Cir. 1993) (quoting In re Sublett, 895 F.2d 1381, 1384 (11th Cir. 1990)). In that role, we review de novo the legal determinations of the district court. Id.

After a debtor files for bankruptcy, she is entitled to retain certain assets as exempt from the bankruptcy estate. Although the bankruptcy code provides exemptions, a state may opt out of those exemptions and provide alternative exemptions. 11 U.S.C. § 522(b). In an opt out state, debtors may exempt "any property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition." Id. § 522(b)(3)(A). Florida elected to opt out and has enacted its own exemptions. Fla. Stat. § 222.20.

Florida law shields from the claims of creditors some assets deposited in

3

retirement and profit-sharing plans. Section 222.21 exempts from the bankruptcy estate money, assets, and any interest in a plan in which the debtor is an owner, participant, or beneficiary and that has been preapproved by the Internal Revenue Service as exempt from taxation under section 401(a) of the Internal Revenue Code:

> Except as provided in paragraph (d), any money or other assets payable to an owner, a participant, or a beneficiary from, or any interest of any owner, participant, or beneficiary in, a fund or account is exempt from all claims of creditors of the owner, beneficiary, or participant if the fund or account is . . . [m]aintained in accordance with a master plan, volume submitter plan, prototype plan, or any other plan or governing instrument that has been preapproved by the Internal Revenue Service as exempt from taxation under s. 401(a), s. 403(a), s. 403(b), s. 408, s. 408A, s. 409, s. 414, s. 457(b), or s. 501(a) of the Internal Revenue Code of 1986, as amended . . . .

Fla. Stat. § 222.21(2)(a)(1). Section 401(a) exempts from taxation profit-sharing plans created by an employer for his employees:

> A trust created or organized in the United States and forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall constitute a qualified trust under this section . . . .

26 U.S.C. § 401(a). An "employee" in section 401(a) includes a "self-employed individual." Id. § 401(c).

The district court ruled that Baker's Keogh plan had to be maintained under the Employee Retirement Income Security Act for Baker to claim an exemption

4

under section 222.21(2)(a)(1), but we disagree.  In 2005, the Florida Legislature amended section 222.21 to provide that an exempt plan does not have to comply with the Employee Retirement Income Security Act:

> It is not necessary that a fund or account that is described in paragraph (a) be maintained in accordance with a plan or governing instrument that is covered by any part of the Employee Retirement Income Security Act for money or assets payable from or any interest in that fund or account to be exempt from claims of creditors . . . .

Fla. Stat. § 222.21(2)(b).

We reverse the judgment that Baker's Keogh plan had to comply with the Employee Retirement Income Security Act to qualify for an exemption under section 222.21(2)(a)(1).  Section 222.21(2)(a)(1) requires that a profit-sharing plan qualify under section 401(a) of the Internal Revenue Code, not that the plan comply with the Employee Retirement Income Security Act.  We remand with instructions for the district court to remand to the bankruptcy court to address whether Baker's Keogh plan complies with section 401(a).

**REVERSED** and **REMANDED**.